# Bentley's Estate.

*Executors and administrators—Advances by executor.*

An executor who claims for advances must establish his standing by settling an account.

*Executors and administrators—Statute of limitations—Advances by executors—Settling an account.*

Where an executor advances his own money to pay the debts of the decedent, and such payment is made in good faith and in relief of the estate, the statute of limitations does not begin to run against him until he has stated an account. Where an executor pays a debt of the estate the presumption is that he pays with the money of the estate, and if he uses his own, his position as a creditor depends upon the state of his account, and cannot be determined until that is settled.

Argued March 13, 1900. Appeal, No. 309, Jan. T., 1899, by Lizzie J. B. Waller, executrix, from decree of O. C. Lycoming Co., dismissing exceptions to auditor's report in estate of Benjamin S. Bentley, deceased. Before McCollum, Mitchell, Dean, Fell and Brown, JJ. Reversed.

Exceptions to report of J. L. Meredith, Esq., auditor. The facts appear by the opinion of the Supreme Court.

*Errors assigned* were in dismissing exceptions to auditor's report.

*Addison Candor*, with him *C. La Rue Munson* and *B. Stewart Bentley*, for appellant.—To preserve an estate from great loss the personal representatives may in good faith advance money and will be protected in such advancement, and the orphans' court will see that they are reimbursed on settlement of their accounts : Mustin's Est., 188 Pa. 544.

*H. T. Ames*, of *Ames & Hammond*, with him *John G. Reading* and *Robert F. Allen*, for appellee.—A legatee has the right to plead the statute of limitations: Hoch's App., 21 Pa. 280 ; Yorks's App., 110 Pa. 69 ; Kittera's Est., 17 Pa. 416 ; Ritter's App., 23 Pa. 95.

The plea of the statute of limitations, by analogy, may be set up in the orphans' court precisely as in a court of law: Yorks's App., 110 Pa. 69; Keyser's App., 124 Pa. 80 ; Irwin's Est., 133 Pa. 1.

The payment out of his own funds by an executor of a debt of his testator gives the executor a right of action against his testator's estate for money paid, and entitled said executor to subrogation to the rights of the creditor paid, but such action must be brought or such subrogation obtained by proceedings within six years of the payment of the money, or the right in either case is lost : Rittenhouse v. Levering, 6 W. & S. 190 ; Fink v. Mahaffey, 8 Watts, 384 ; Allegheny Valley R. R. Co. v. Dickey, 131 Pa. 86 ; Bank of Penna. v. Potius, 10 Watts, 148 ; Hibbs v. Rue, 4 Pa. 348.

Opinion by Mr. Justice Mitchell, July 11, 1900 :

Benjamin S. Bentley died in 1882, leaving an estate known

to be heavily in debt, and subsequently shown to have been in fact insolvent. The principal debt was for the purchase money of land, which he had bought from one Kirby in 1878 giving for it a series of twenty bonds payable each year in succession with interest and secured by a mortgage on the land, with a clause that the whole should become due on default of any of the annual payments. The price was beyond the market value, but was paid upon Bentley's expectation of a rise in value from special circumstances not necessary to discuss. This expectation was shared by his executors and his heirs, and therefore when the next bond fell due and the estate was without funds to pay it, George G. Waller, one of the executors, advanced the money from his own funds. This he continued to do until he had paid six of the bonds. He died in 1888 and the appellant is his executrix.

Subsequently the other executors settled with the mortgagee obtained a cancellation of the outstanding bonds, and in 1894 filed an account showing the balance now in question for distribution. Appellant as executrix of Waller presented a claim for his advances to the estate, but the learned auditor rejected it, on the ground that no account of his administration in the Bentley estate having been filed by Waller or his executrix, the latter was not in position to sustain any claim against the estate. For this he relied upon Blank's Appeal, 3 Grant, 192, and in so doing he was clearly right. That case contains some remarks on the subject of an executor paying debts of the estate out of his own funds which are too broad for general application, and must be read in connection with subsequent cases on the executor's right of subrogation under such circumstances. But the point actually decided in Blank's Appeal was that an executor who claims for advances must establish his standing by settling an account. This is sound law, and for this the case is authority.

Before the filing of the auditor's report, however, the appellant as executrix of Waller filed an administration account in Bentley's estate, and thereupon the whole matter was referred back to the auditor, and the questions now before us arise upon his second report.

Waller in paying the bonds was not a mere volunteer. It was his duty as executor to serve the best interests of the estate,

and while this duty did not go so far as to impose any obligation on him to use his own funds for that purpose it authorized him to do so and was sufficient to sustain a claim for reimbursement: McCurdy's Appeal, 5 W. & S. 397. The auditor in a clear and able report found the facts, as substantially undisputed that Waller paid the six bonds in relief of the estate, in good faith, and in accordance with the judgment of all parties interested, and that he thereupon became a creditor of the estate, with a claim in assumpsit for money laid out and expended, against which the statute of limitations began to run from the respective dates of the payments. He further held upon a review of the cases in this state, that while Waller would have been entitled to subrogation, it was not his primary remedy. He was not ipso facto subrogated to the rights of Kirby the mortgagee but was required to manifest affirmatively by some act, his intention to put himself in Kirby's place, and not having done so within six years, his primary legal claim was barred by the statute of limitations, and equity following the law would refuse relief by way of subrogation. This view was confirmed by the learned court below, saying, " the authorities uniformly hold that application for subrogation must be made within six years," citing and relying upon Rittenhouse v. Levering, 6 W. & S. 190.

The general principle that where a legal right has been barred by lapse of time or otherwise, equity will not assist it by an equitable remedy, is beyond question. Whether the special circumstances of this case would take it out of the ordinary rule as argued by appellant, citing, among other cases, Kelchner v. Forney, 29 Pa. 47, and Mustin's Estate, 188 Pa. 544, we need not consider. It is not a question of subrogation. The auditor and the court below failed to give due weight to the fact that Waller was an executor, a trustee, and as to acts of administration of the trust, the statute of limitations ran neither for nor against him until he accounted. The duty to account continued without regard to the statute, and whether he was debtor or creditor as to the estate could not be determined until the accounting. He could be cited at any time by those interested, but he was not bound voluntarily to file an account merely to establish his temporary status adverse to the estate upon an administration which was still pending and incomplete.

The auditor found that Waller's payments were made in the expectation of a rise in the value of the land which would not only pay the outstanding bonds but also reimburse him and produce assets for the estate, but that no such result was at any time attainable during Waller's life. The debt to Kirby was still running and its final outcome in doubt. An accounting, therefore, would have been of no value to any one. When it was finally made by appellant after his death, it showed him a creditor of the estate, and entitled as such to a claim upon the assets. The statute did not begin to run against the claim until so established.

The case of Rittenhouse v. Levering, 6 W. & S. 190, was one of subrogation, and therefore not in point here as already indicated. But it was also a case of payment by a surety, and the distinction is important. A surety becomes a creditor of his principal from the moment he pays the latter's debt, and the statute of limitation begins to run accordingly. But not so with an executor. The presumption is that he pays with the money of the estate, and if he uses his own, his position as a creditor depends on the state of his account, and cannot be determined until that is settled.

An executor or administrator who is a creditor of his decedent's estate, may lose his lien against the lands by delay, for the lien is governed by the rigid terms of the statute : McCurdy's Appeal, 5 W. & S. 397 ; Merkel's Estate, 154 Pa. 285, 291. Or if he is a creditor upon an obligation of the decedent he may run the risk of having the statute of limitations pleaded against him by other creditors or distributees if he delay to file his account or otherwise establish his claim: Kuhlman's Est., 180 Pa. 109. But the expenses of administration are in neither of these categories. They are items of an account which may result in favor of either side. When upon settlement it shows a balance in favor of the accountant, he is a creditor with a claim starting at that time against any assets of the estate yet available for payment.

That being the status of the claim of appellant as executrix of Waller, the fund should have been awarded to her. The estate having been insolvent, Emeline Bentley, a mere legatee, never was in position to claim the interest paid her, and of

course her executor or legatees have no claim upon the present fund.

Decree reversed and fund directed to be awarded to the appellant, costs to be paid by the appellee, the Susquehanna Trust and Safe Deposit Company, executor of Emeline G. Bentley.