# DeTurck's Estate.

*Executors and administrators—Distribution out of administrator's own fund—Reimbursement—Family settlement—Statute of limitations.*

Where an administrator in making distribution under a family settlement, has paid to the respective heirs their full share of the estate, part of the payment being made with his own funds, leaving unpaid a balance in a bank which had stood in the name of the decedent, but had entered into the computation of the amount to which each heir was entitled, such administrator is entitled, as against the heirs, to reimburse himself out of the balance in the bank. He is not put in the position of a creditor of the estate, and the statute of limitation does not run against him.

Argued Nov. 12, 1917. Appeal, No. 2, Oct. T., 1917, by Ezra K. DeTurck, from decree of O. C. Berks Co., April T., 1916, No. 17, dismissing exceptions to adjudication in Estate of Deborah DeTurck, deceased. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Exceptions to adjudication. Before SCHAEFFER, P. J. The opinion of the Superior Court states the facts.

*Error assigned* was in dismissing exceptions to adjudication.

*William Kerper Stevens,* with him *Ralph H. Mengel,* for appellant, cited: Stambaugh's Est., 246 Pa. 555; Flemming's Est., 10 Pa. Dis. Rep. 259; York's App., 110 Pa. 69.

*C. H. Ruhl,* with him *Ira P. Rothermel,* for appellees, cited: Bentley's Est., 196 Pa. 497; York's App., 110 Pa. 69.

OPINION BY PORTER, J., October 12, 1918:

Deborah DeTurck died on December 22, 1901, and letters of administration upon her estate were, on January 7, 1902, issued to Abraham K. and Ezra K. DeTurck, sons of the decedent. The evidence indicates that the duties of the administrators were discharged by Abraham K. DeTurck almost exclusively, Ezra K. DeTurck, his coadministrator, taking but little part in the management of the estate. Abraham K. DeTurck, administrator, caused an inventory and appraisement to be made on the eighth day of January, 1902, showing the total assets amounting to $30,261.63, but this paper was never filed in the proper office. On the fifth day of April, 1902, about three months after letters of administration issued, all the debts of the estate having been paid, the children of the decedent, two sons and three daughters, met at the office of their attorney and entered into a family settlement. Abraham K. DeTurck at that time presented a statement showing the total assets of the estate, consisting of mortgages and other securities and cash upon deposit in two banks, the Berks County Trust Company and the Reading National Bank, aggregating $29,791.61, and the heirs divided among them at that time the entire fund except $500, each heir receiving, in cash and securities, the sum of $5,858.32. There was included in the statement of assets upon which this distribution was based a cash item "Reading National Bank $1,637.77." The checks for the cash payments which were made to the heirs, by direction of

Abraham K. DeTurck, administrator, were all signed by both the administrators and were drawn upon the Berks County Trust Company, none of them being against the balance in the Reading National Bank. One year later the heirs again met at the office of their attorney, on April 4, 1903, and made a final settlement of the affairs of the estate, the administrators paying or accounting to each of their sisters for their respective distributive shares of the estate and the sisters delivering receipts for the same. It was at this latter date agreed, between Abraham K. and Ezra, the administrators, that all the payments had been made by Abraham K. and that Ezra was indebted to him in the sum of $754.04, which sum Ezra testified at the hearing in the court below he had subsequently paid. The balance to the credit of the estate, in the hands of the administrators, on deposit in the Reading National Bank, remained untouched when these payments were made. Abraham K. DeTurck, one of the administrators, died December, 12, 1912, testate, and letters testamentary were granted upon his estate unto his widow, the appellee. Shortly after the passage of the Act of 1915, P. L. 878, providing for the escheat of money, etc., the Reading National Bank discovered this deposit of $1,637.77 which had not been increased or decreased since January 7, 1902, and notified Ezra K. DeTurck, the surviving administrator, of the fact. Ezra K. DeTurck collected the amount from the bank and filed this account in the court below. The court below after hearing testimony awarded the fund to the executrix of Abraham K. DeTurck and from that decree Ezra K. DeTurck appeals.

The daughters of Deborah DeTurck seem to be satisfied with the disposition of this case by the court below as no one of them has appealed. This appeal being merely from a decree of distribution Ezra K. DeTurck, the accountant, has no standing to appeal as administrator and is only entitled to be heard as an heir. The learned judge of the court below found all the facts here-

inbefore stated. It thus appears that, although no account was filed, all the parties in interest entered into a family settlement, dividing among them in equal shares what they believed to be the entire property of the decedent, and the statement of assets which they had before them included this fund, then on deposit in the Reading National Bank. There was no pretense that there was any concealment about this particular item, and it was included in the distribution. Abraham K. DeTurck did not cause any of the checks given to the heirs to be drawn against the fund in the Reading National Bank. Those checks were drawn upon the Berks County Trust Company and were paid and it is argued by the appellant that they must have been paid out of funds of the estate upon deposit in that institution. The court below has found as a fact that $1,800 of the funds then on deposit in the Berks County Trust Company, in the account of the administrators, was the individual property of Abraham K. DeTurck and that the balance due the administrators upon their account with that institution was thus made sufficient to pay the checks given to the heirs. This finding of the court below did not refer to any fund which had been in the bank prior to the death of Deborah DeTurck but to deposits to the credit of the account of the administrators made by Abraham K. DeTurck. We cannot say that there was not sufficient evidence to support this finding, as is well shown by the opinion of the learned judge of the court below overruling the exceptions to the adjudication. With the facts so found we have a case where an administrator, in making distribution, has paid to the respective heirs their full share of the estate, part of the payment being made with his own funds, leaving unpaid a balance in another bank which had stood in the name of the decedent, but had entered into the computation of the amount to which each heir was entitled. When an administrator has used his own funds to pay the distributive shares of the heirs, he becomes entitled, as

against the heirs, to reimburse himself out of the funds of the estate in his hands. He is not put in the position of a creditor of the estate, the question is one relating directly to the trust, has he paid to the heirs the amount to which they are entitled? If he has, the heir cannot require him to account a second time. The statute of limitations has no application to such a case: York's App., 110 Pa. 69; Bentley's Est., 196 Pa. 497.

The decree of the court below is affirmed and the appeal dismissed at costs of the appellant.