## Reel's Estate. Reel's Appeal.

*Decedents' estates—Claims paid by executor—Preservation of estate—Fund raised by sale of real estate—Rents—Unsecured creditors—Act of June 7, 1917, P. L. 447.*

1. Where executors have paid taxes, interest on mortgage, and a judgment, in order to preserve the estate, they are entitled to be reimbursed out of the proceeds of real estate, sold more than a year after testator's death, in the absence of sufficient personal assets, although they have taken no steps to establish a lien on the real estate.

2. Rents collected by the executors under authority of the Act of June 7, 1917, section 14, P. L. 447, are assets for the payment of unsecured creditors having no lien on the real estate.

Argued October 11, 1921. Appeals, Nos. 73-6, Oct. T., 1921, by Casper Reel, John D. Quaill and George H. Quaill, legatees, from decree of O. C. Allegheny Co., Sept. T., 1920, No. 741, dismissing exceptions to adjudication, in estate of Almatia L. Reel, deceased. Before

MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART, SAD-
LER and SCHAFFER, JJ. Decree modified.

Exceptions to adjudication. Before MILLER, P. J.
The opinion of the Supreme Court states the facts.
Exceptions dismissed. Casper Reel, John D. Quaill
and George H. Quaill, legatees, appealed.

*Error assigned,* inter alia, was decree, quoting it.

*George H. Quaill,* for appellants.—A proceeding in the
orphans' court is not, nor is a presentation of a claim
before an auditor, sufficient to continue the lien of the
debts of decedent, and the same will apply to expenses
of administration: Bartley's Est., 20 Pa. C. C. R. 451;
Bindley's App., 69 Pa. 295; Kirk v. Van Horn, 265 Pa.
549; Loomis's App., 29 Pa. 237; Demmy's App., 43 Pa.
155; Hunt's App., 14 W. N. C. 377; Aurand's Est., 40
Pa. C. C. R. 343.

Statutes limiting the time within which suits must be
brought in order to continue the lien of debts are stat-
utes of limitation and repose and protect not only bona
fide purchasers but widows, heirs, and devisees and those
claiming under them: Kerper v. Hoch, 1 Watts 9; Kirk
v. Van Horn, 265 Pa. 549; Ferguson v. Yard, 164 Pa.
586; Clauser's Est., 1 W. & S. 208; International Har-
vester Co. v. Twp., 43 Pa. Superior Ct. 410; Merkel's
Est., 154 Pa. 285.

*E. C. Chalfant,* of *Wright, Chalfant & McCandless,*
for appellee.—That the Commonwealth Trust Company,
in advancing this money, was not a mere volunteer, there
can be no question: Mustin's Est., 188 Pa. 544; Don-
nelly's Est., 246 Pa. 308.

That an executor may be reimbursed for money ad-
vanced for payment of a mortgage is also well settled:
Bentley's Est., 196 Pa. 497.

OPINION BY MR. JUSTICE SADLER, January 3, 1922:

These appeals are from the adjudication of the orphans' court in Reel's Estate, one phase of which has already been discussed in an opinion this day filed in Foreman's Appeal. A repetition of essential facts appearing therein is unnecessary here.

The Commonwealth Trust Company, one of the executors of Almatia L. Reel, made certain advances for the preservation of the estate, during the course of its settlement, and paid certain other claims, which can be considered as ordinary indebtedness. No attempt was made, as was true also in Foreman's Appeal, to secure a lien upon the real estate, the proceeds of which are now before the court for distribution. The auditing judge approved the claims as presented at the hearing of the first account. Subsequently, it came to the conclusion that no conversion had been worked, and that the fund before it was to be treated as realty. It therefore refused allowance to those creditors who had failed to charge the land by appropriate proceedings. In the case of the present appellee, however, a different conclusion was reached, and an award to the claimant was made. To test the correctness of this finding, the present appeals were taken by three of the legatees.

In passing upon this demand of the executor, it must be kept in mind that such a fiduciary stands ordinarily in no better position than the unsecured creditor, when he advances his money to pay debts of the estate; having done so, he must, to charge the land, comply with the statutory requirements in order to secure a lien: Merkel's Est., 154 Pa. 285. If, however, the payment is made for the preservation of the estate, and is one which could have been directed by the court by precedent decree, the disbursement may be ratified and a refunding be ordered: Mustin's Est., 188 Pa. 544; Bentley's Est., 196 Pa. 497.

The learned court below allowed the full amount of the sum demanded, and as to a portion thereof we think it was clearly right in so doing, under the rule laid down

in Donnelly's Est., 246 Pa. 308, and other cases.  An outlay was made for taxes, for interest upon a mortgage, and to satisfy a judgment which was a lien.  These advances were required to save the estate from loss and were made in entire good faith.  The balance of the bill, amounting to $481.37, stands on a different footing.  It is composed largely of an open account of the trust company against the decedent for services rendered as attorney in fact, while she was living.  Certain other small payments made up the difference.  It cannot be said that the liquidation of these ordinary debts was required for the preservation of the estate.  As to this part, the executor was a mere volunteer, and, not having secured a lien against the realty, it cannot now claim to share in the proceeds of the sale.  It must look, with the other claimants, to the personal fund, if any, to a proportion of which it would be entitled.

In determining the amount of the assets for distribution, in which unsecured creditors may share, there is to be included the various items of rent received.  Under the provisions of section 14 of the Fiduciaries Act (June 7, 1917, P. L. 447), the executors, on petition, were authorized to collect the rentals from the real estate: Reel's Est., 263 Pa. 248.  Having received them, the sums paid in are, by the express wording of the above section, to be accounted for as a portion of the personal estate, and they become part of the fund for the payment of debts.  Such rents as were here thus collected, are to be included in the balance to which the creditors generally may look, though the right to share in the proceeds of the realty is lost by failure to comply with the statute.

The decree of the court below is accordingly modified, and distribution is directed to be made in accordance with the views herein expressed; the costs to be paid by the estate.