## Zimmerman's Estate

*Henry I. Fox*, for accountant; *F. Kenneth Moore*, for exceptant.

HOLLAND, P. J., April 22, 1932.—Lemuel Zimmerman died on June 11, 1920, intestate, and letters of administration on his estate were granted to the accountant on February 17, 1931.

Decedent was survived by his wife, the accountant, who has since remarried and is now Jane C. Miller, and by his mother, Mary A. Zimmerman, who died on September 14, 1929.

At the time of his death the decedent was possessed of personal estate consisting of a one-fifth interest in the estate of John Zimmerman, his deceased father, which share was received by accountant from the Norristown-Penn Trust Company, administrator d. b. n. c. t. a. of the estate of John Zimmerman, deceased, awarded by adjudication of this court dated February 3, 1931, and which share amounted to $553.05.

The account was filed December 15, 1931, showing a balance for distribution amounting to $54.90.

No claims were presented and it was represented that all the debts of decedent which came to the knowledge of the accountant have been paid.

The payment of $1.50 transfer inheritance tax was duly vouched.

Exceptions to the account were filed on January 30, 1932, by Flora Z. Tyson, sole surviving sister of decedent, as the only person qualified to take out letters of administration on the estate of Mary A. Zimmerman, mother of decedent and of exceptant, who died on September 14, 1929, and whose estate is entitled to one-half the balance for distribution in decedent's estate.

The exceptions are to credits taken for two items in the account:

1931
December 14    By cash paid:  H. J. Kogelschatz,
                                            Undertaker                 $284.50
                                Edward Bernd,
                                            tombstone                   90.00

Exceptant contends that both items were voluntarily paid by accountant, decedent's widow, at the time of decedent's death and before letters of administration were granted her; and that accountant's claims to be reimbursed are now barred because this court found, in adjudicating the account of the administrator d. b. n. c. t. a. of the estate of John Zimmerman, deceased, that on John Zimmerman's death a one-fifth interest in his real estate vested in Lemuel Zimmerman, this decedent, and accountant failed to enter suit and preserve her lien. The facts of the case, as averred in the exceptions, in so far as they refer to the devolution of this decedent's share from the estate of his deceased father, John Zimmerman, are in error. The correct facts are, as will be found by reference to the adjudication by this court upon the account of the Norristown-Penn Trust Company, administrator d. b. n. c. t. a., entitled No. 50, January Term, 1931, as follows:

John Zimmerman died testate and directed in his will that, upon the death of his wife to whom he gave a life estate therein, his real estate be sold and the proceeds divided among his children; and in our said adjudication of the account of the administrator d. b. n. c. t. a. in that estate we held that testator's direction to sell his real estate worked an equitable conversion thereof at his death into personalty and that the interests vested in the beneficiaries as personal estate.

Receipted bills for the items excepted to were offered in evidence and it is not denied by accountant that the circumstances of their payment were as alleged by exceptant. Having been excepted to, however, they must be proven like any other claim.

Exceptant does not refer to, but obviously has in mind, the provisions of section fifteen (a) of the Fiduciaries Act of 1917, which specify that "No debts of a decedent, including . . . the funeral expenses . . . shall remain a lien on the real estate of such decedent longer than one year after the decease of such debtor, unless within said period an action for the recovery thereof be brought . . ." Had this decedent died possessed of real estate, then, under this section of the act, accountant's claim would be barred for failure to enter suit and preserve her lien within the time limit provided. But by virtue of the direction in John Zimmerman's will to sell his real estate, as we have heretofore held, an equitable conversion was worked and this decedent became vested with his interest, not as real estate, but as personal estate. Hence this section of the act is not applicable, and it was not necessary for creditors of this decedent to

enter suit within one year of decedent's death or be barred from recovery against his estate: Reel's Estate, Foreman's Appeal, 272 Pa. 135 (1922).

But exceptant further contends that these claims should be barred under the statute of limitations generally. Were these claims now presented by the undertaker and stonecutter themselves, they would clearly be barred by the statute of limitations: Act of March 27, 1913, 1 Sm. Laws 76, Sec. 1; as they are for services performed and material furnished in 1920. The only question is whether accountant is in such a better position as would toll the statute. When she made these voluntary payments she undoubtedly did so in her capacity as decedent's widow and not as a fiduciary, for her letters of administration were not taken out until over ten years later.

Cases which have arisen on the question of voluntary payments of the debts of a decedent or of administration expenses have been those in which the voluntary payments were made by the executor or administrator of the decedent. See Bamford's Estate, 10 Wash. Co. Rep. 62; Robbins's Estate, 8 Erie Co. L. J. 197; Reel's Estate, Foreman's Appeal, supra; Reel's Estate, Reel's Appeal, 272 Pa. 139. In Bentley's Estate, 196 Pa. 497 (1900), one of the principal assets of the testator's estate was a tract of land paid for by a series of bonds secured by mortgage thereon, the bonds maturing annually. One of the executors shared the expectancy of a rise in value of the land which had impelled testator to make the purchase and voluntarily advanced his own funds for six years to pay six of these bonds. This executor then died without an account having been filed. The surviving executors settled with the mortgagee, filed an account showing a balance for distribution, and the deceased executor's personal representative presented a claim for reimbursement for the advances made. The court allowed the claim, holding these advances had been made, not as a mere volunteer, but as an executor, and while the duties of an executor do not require him to advance his own funds for the benefit of the estate, they authorize him to do so and are sufficient to sustain a claim for reimbursement; and, further, that an executor has a duty to account without regard to the statute of limitations, and as to acts of administration the statute can run neither for nor against him until he has accounted, before which time it could not be determined whether he was debtor or creditor to the estate.

But that case is distinguishable from the instant case, in that here accountant was a mere volunteer when she made the payments excepted to; nor did these payments contribute in the least to the preservation of decedent's estate as did the executor's advances in Bentley's Estate, supra. Here accountant was first a creditor of decedent's estate and for over ten years occupied no other position toward it. As a creditor, the statute of limitations began to run against her when the debt arose. Six years thereafter, when the statute had run its course, accountant was still only a creditor and not yet a fiduciary. Bentley's Estate, supra, rests on the fact that the advances were made by an executor, and until he accounts, it cannot be determined whether he be debtor or creditor to the estate. Here it could be determined at once that accountant was a creditor of decedent's estate because of her having paid the claims excepted to. No accounting was required; and before any duty upon accountant to make a settlement of this estate arose through her appointment as administratrix, the statute of limitations had long run its course on these claims.

The exceptions are, therefore, sustained, the items excepted to are stricken from the account and the accountant surcharged to the amount of $374.50.

And now, April 22, 1932, this adjudication is confirmed nisi.

From Aaron S. Swartz, Jr., Norristown, Pa.