## Zoller's Estate

C. *Bryson Schreiner*, for petitioners.

*Arnold M. Replogle*, for respondent.

TENER, J., December 19, 1944.—Fannie Zoller died testate April 20, 1943. After directing the payment of her just debts and funeral expenses, the will devised and bequeathed her residuary estate equally to her three daughters and three sons, all of whom are sui juris.

Letters of administration c. t. a. were granted May 1, 1943, to Margaret Mohr, one of the daughters.

The inventory shows a personal estate valued at $194.65. A house and lot at 150 Adams Street, Pittsburgh, which is the subject of the present partition, makes up the balance of the estate.

During her last illness, from about August 3, 1942, until her death, decedent resided with one of her daughters, Mrs. Frances E. Staib. Mrs. Staib paid, on March 5, 1943, out of her own funds, the sum of $84 for medical services rendered to her mother.

Another daughter, Mrs. Henrietta Hunter, was the beneficiary of a policy of insurance upon the life of decedent. With the proceeds of this policy ($1,000), which Mrs. Hunter loaned to her sister, Mrs. Staib, the latter, on May 4, 1943, paid the bill for her mother's funeral in the sum of $632. Also, on the same day she paid $10 for additional medical services rendered to her mother during her last illness. On May 3, 1943, she had paid $10 to the clergyman who officiated at the funeral. Later, August 16, 1943, she paid the sum of $180 for a stone to be placed on her mother's grave. The total amount paid by Mrs. Staib is $916, all of which was paid to creditors of her mother's estate.

These proceedings in partition were begun May 15, 1944, by Margaret Mohr, one of the residuary devisees.

The land has been sold on a bid of $1,800 and that fund is now in court for distribution.

Prior to the sale, on October 4, 1944, Mrs. Staib and Mrs. Hunter presented their petition asking that the debts above mentioned be decreed equitable liens, to be paid proportionately by all the parties in interest before an allotment or distribution of the proceeds of a sale. All of the other parties in interest, except Mrs. Mohr, joined in the petition. A rule was granted and an answer filed by Mrs. Mohr.

The answer denies the right of petitioners to contribution because the liens of the debts in question have expired (section 15($a$) of the Fiduciaries Act of June 7, 1917, P. L. 447) ; and, further, because the proceeds of the policy of life insurance were, in effect, impressed with a trust in the hands of the beneficiary for the payment of the funeral expenses and those incurred during the last illness of decedent.

There can be no doubt that when the petitioners paid the debts in question they were valid liens binding the real estate, except the debt owing for medical services in the sum of $84 (paid March 5, 1943, six weeks before the death but during the last illness). By making the payment to the doctor Mrs. Staib was subrogated to his rights and became a creditor of the estate. No suit was brought within a year after the death and the lien of that debt expired.

The other debts, however, stand upon a different footing. As noted, they were valid liens binding the real estate at the time they were paid. As to them the question is whether one cotenant can have pro rata contribution against the other cotenants for payments made by him which divested liens binding the common inheritance, without proceeding against the administrator of the estate in the manner provided by the Fiduciaries Act, and after the time had elapsed when such procedure was available to him.

"The orphans' court within its jurisdiction is a court of equity, and has full power as a chancellor to grant

relief; and being a court of equity is guided by the principles of equity, although its jurisdiction is special and derived entirely from statute:" Gibson Estate, 153 Pa. Superior Ct. 413, 418; Braunschweiger's Estate, 322 Pa. 394, 397; Boles's Estate, 316 Pa. 179, 182.

"When the jurisdiction of the orphans' court has attached over a fund, it comprehends within its grasp all powers necessary to make distribution:" Williamson's Appeal, 94 Pa. 231, 236.

Petitioners are not claiming contribution as by subrogation to the rights of the lienors against the land. If they were seeking to be substituted to the rights of the lienors they could not succeed because no cautionary suits were brought within a year after the death, and the liens have therefore expired. The rights which the petitioners are asserting are in equity against a fund now in this court for distribution.

". . . failure to establish a lien on the real estate in the manner required by the statute does not necessarily preclude allowance of all claims out of the proceeds thereof:" Gibson Estate, supra, p. 417.

In Reel's Estate, 272 Pa. 139, it was held that where the executors paid taxes, interest on a mortgage, and a judgment in order to preserve the estate they were entitled to be reimbursed out of the proceeds of real estate sold more than a year after the testator's death, in the absence of sufficient personal assets, although they had taken no steps to establish a lien on the real estate.

In Clyde's Estate, 329 Pa. 552, it was said (p. 558) :

". . . appellee secured to the estate an advantage, and a benefit as well to appellant, by an agreement with the bank which the latter could have compelled him to carry out, or be liable in damages for a breach thereof. Appellee was under no duty to procure this advantage. His action in so doing may be likened to those cases, such as Reel's Estate, where a fiduciary or creditor advances funds for the preservation of the estate and is consequently granted exoneration out of the real assets

thereof, though he failed to establish a lien thereon in the manner required by the statute."

It is obvious from the testimony and the conduct of the parties that no request by petitioners of Mrs. Mohr for contribution would have availed them anything. The law does not require the doing of a vain thing. See Restatement of the Law of Restitution, sec. 105:

"(1) Where two persons are tenants in common or joint tenants and one of them has taken reasonably necessary action for the preservation of the subject matter or of their common interests, he is entitled to indemnity or contribution, enforced by means of a lien upon the interest of the other

"(a) if he has made request to the other to join in such preservation, or

"(b) without such request, if action was immediately necessary and the other was not available."

The burden was upon respondent to impress with a trust the proceeds of the policy of life insurance in the hands of the beneficiary. Putting the testimony of respondent in its best possible light, it only tends to show that she paid certain premiums in the belief that the beneficiary (although she did not know who the beneficiary was) would use the proceeds to pay the decedent's funeral bill and the charge for a stone marker. The testimony adduced does not sustain the burden: Gritz v. Gritz et al., 336 Pa. 161, 164.

The rule will be made absolute. Contribution will be made in accordance with this opinion.

## Order of court

And now, to wit, December 19, 1944, it is hereby ordered, adjudged, and decreed that the sum of $832, being the amount paid by petitioner, Frances E. Staib, also known as F. Cecelia Staib, in divesting the liens against the real estate, be charged pro rata against the interests of the parties in the proceeds of the allotment of the real estate which is the subject of this partition.