## Haslage *versus* Krugh, Guardian of Wenk.

Lands descend to heirs, and not to administrators; and the heirs, as owners, have the right to the rents.

Where a party was in possession under a decedent, and took a lease after his death from the administrator, whether through ignorance of the law or otherwise, the lease was void, and the tenant remained under his old lease as tenant from year to year, by holding over.

A tenant in paying debts of the estate out of the rents is a mere volunteer; and if at the request of the administrator, his recourse must be to the latter, and he has no defence to an action brought by the guardian of the minor heirs for recovery of the rent.

Error to the District Court of *Allegheny county.*

Vol. I.—13

[Haslage *v.* Krugh.]

This was an action of *assumpsit*, brought for use and occupation by the defendant in error, who was the guardian of the minor children and heirs of Frederick Wenk, deceased. The defendant pleaded *non assumpsit.* Verdict for plaintiff.

Frederick Wenk died intestate about the 1st of April, 1849, seised of the premises; Haslage, the plaintiff in error, then being in possession as his tenant. A. Hartz, upon the decease of Wenk, administered upon his estate, and directed Haslage to pay the rent then due, as well as that falling due thereafter in payment of the debts of the deceased; and the rent was thus applied by Haslage until Krugh, the defendant in error, was appointed guardian of the children, on the 25th June, 1851, when he repudiated all that had been done and brought this suit.

The testimony offered on the trial and bills of exceptions were as follows :—

" Defendant offers to show by testimony that Wenk, the intestate, was indebted to different parties at the time of his decease; that Hartz, the administrator, gave order to Haslage, the defendant, to pay certain of these debts out of the accruing rents, and that Haslage accepted and paid those ordered, and for which he now claims credit.

" To which offer the plaintiff objects, on the ground that the testimony offered does not tend to prove payment to the plaintiff, who, as the guardian of the heirs of Wenk, was the only person legally authorized to receive the rents accruing subsequently to Wenk's death; and that payments of rents by the defendant to the administrator, cannot be set off in the present action."

The Court sustained the objections and rejected the evidence.

" Defendant offers further to show that he leased the premises of Hartz after the decease of Wenk, and paid his rent in full to Hartz in pursuance of his lease, and which rent is the same now claimed in this action; and that at the time of so leasing and paying there was no guardian legally appointed for said minors, and that Hartz acted as such guardian.

" To which offer the plaintiff objects for the reason assigned to the former offer, and want of power or authority on the part of administrator to lease the premises."

Evidence overruled and exception taken.

*Mellen* and *Negley*, for plaintiff in error.—We do not claim that the administrator, as such, had power to receive the rents, but that equity will give Haslage the benefit of the payments offered to be proved. They were made for the defendant's wards, in payment of their debts, in the absence of a legal guardian; nor were the payments voluntary; the debts were liens upon the demised premises, and they were paid by direction of the administrator. It is against equity that Haslage should be compelled to

[Haslage v. Krugh.]

pay this money again.   If Haslage had taken an assignment of
the debts so paid, he could have recovered them of the adminis-
trator.   Will not equity, therefore, subrogate him to the rights
of the creditors whose claims he paid; and, to avoid circuity of
action, will not equity allow him a credit in this suit?

*C. Shaler, Stanton,* and *Umstetter,* for defendant.—In the
case of Hartz, appellant, *v.* Krugh, guardian of the minor children
of Wenk, argued in this Court, the principles of this case were
settled.   The Court decided that the sureties of Hartz, in his
administration-bond on the estate of Wenk, were not answerable
to the defendant in error in this case, who sued as the guardian
of the heirs of Wenk for the rents collected by Hartz of Has-
lage, on the ground that Hartz had no right to rent the property
of the heirs, nor to receive the rents.   That the administration-
bond did not cover the subject-matter; that a lease by the admin-
istrator was a nullity; and he had no authority as administrator
to receive the rents.

Lands are only assets for payment of debts when the personal
estate is insufficient; and till made available they descend to the
heir: 10 *Barr* 471.   See also Commonwealth *v.* Gilson, 8 *Watts*
214; Reed *v.* The Commonwealth, 11 *Ser. & R.* 442.

A person who voluntarily discharges obligations of the nature
and validity of which he is incompetent to judge, and thereby
converts the real estate of a decedent into personalty, in a case
where the administrator himself had no such authority, can have
no equity.

Payment by the tenant, whether to the administrator or to
creditors, was in his own wrong; and he is liable over to the
guardian as a trespasser, or in an action for use and occupation:
McGinn *v.* Shaeffer, 7 *Watts* 413.

The opinion of the Court was delivered by
Lowrie, J.—We think that this evidence was properly rejected.
Land descends to heirs and not to administrators; and the heirs,
as owners, have the right to the rents.   The tenant has no excuse
for paying the rent to the administrators, except his ignorance of
the law; and he alone, and not the heirs, ought to suffer for that.
He says he rented from the administrator after the death of
Wenk; but that lease was void for want of title in the lessor.
And he therefore remained under his old lease as tenant from
year to year by holding over.   He was a mere volunteer in paying
the debts of the estate, out of the rents.   And if he did it at the
request of the administrator, he must look to him to be refunded.
If he were allowed thus to pay debts and charge the heirs, he
might aid the administrator in wasting the estate, in such a way
as to leave the heirs no remedy; for the surety of the adminis-

[Haslage *v.* Krugh.]

trator is not bound for these funds, and such was the result in this case.

Judgment affirmed.