## Bakes et al., Appellants, *v.* Reese.

*Administrator—Heirs—Rent collected—Set-off—Services to intestate.*

An averment by the administratrix that the estate of the intestate is indebted to her for services rendered to the intestate during his lifetime, is no defence to an action brought by the heirs for rent accruing after his decease and collected without their authority, even when coupled with an averment, that the balance of said rents is not sufficient to pay the amount of her claim. If the administratrix has any claim it must be enforced in the regular and orderly way.

*Pleading—Abatement for non-joinder of co-heirs as plaintiffs.*

Where, in an action brought by the heirs of an intestate, the adminis-
tratrix avers in her affidavit of defence, that the plaintiffs named are not
all the heirs, such averment is in effect a plea in abatement and is defec-
tive in not giving the plaintiffs a bétter writ.

*Affidavit of defence—Failure to specify items.*

An averment in an affidavit of defence that certain items of credit are
omitted from the plaintiff's statement, but without specifying them, is
insufficient.

Argued May 18, 1892.   Appeal, No. 139, Jan. T., 1892,
from judgment of C. P. Lancaster Co., Sept. T., 1891, No. 58,
entered for want of a sufficient affidavit of defence, in assump-
sit, for rents accruing after an intestate's death and collected
by his administratrix.   Before PAXSON, C. J., STERRETT, MC-
COLLUM, MITCHELL and HEYDRICK, JJ.

The facts are given in the opinion, as they appeared before
the court below, PATTERSON, J.

*Error assigned* was decree entering judgment for want of
sufficient affidavit of defence, quoting the decree.

*Philip D. Baker*, for appellants.

*D. G. Eshleman,* with him *J. B. Kaufman*, for appellee.

OPINION BY MR. JUSTICE STERRETT, July 13, 1892.

The plaintiffs, in their statement of claim, present a clear
*prima facie* case.   They aver, in substance, that, as children
and heirs at law of Thomas Bakes, they bring this suit to
recover from defendant the amount of rents collected by her
from real estate of which their father died seized.   In connec-
tion therewith they present an itemized statement of the rents
so collected by defendant, from March 25, 1889, to March 2,
1891, inclusive, giving date and amount of each item, aggre-
gating $612.25.   This is followed by a similar statement of
sums paid by her for taxes, repairs, insurance, etc., on account
of same property, amounting to $128.93.   Deducting this from
the gross amount of rents collected to their use, as aforesaid,
leaves $483.32, which plaintiffs claim is justly due them from
defendant with interest from April 1, 1891.

The defendant, for answer to said statement, says " the plaint-
iffs named therein are not all the heirs of Thomas Bakes."
This averment is in the nature of a plea in abatement, but it

is defective in not naming the omitted heir or heirs. The plaintiffs designated themselves as the heirs at law of the intestate, and *prima facie* that must be taken to mean all his heirs. If the defendant, knowing or believing that any of the heirs were omitted, wished to avail herself of the fact, it was necessary for her to name the heir or heirs so omitted. The averment is defective and does not, either alone or in connection with other portions of the affidavit, constitute any defence.

The correctness of plaintiffs' itemized statement of rents is affirmed by defendant's admission that Thomas Bakes died seized of real estate, the rents of which, accruing after his death, were collected by her, and that the rents so received " are as nearly and correctly stated (by plaintiffs) as she is able to furnish." The naked averment that " certain items of credit are omitted," amounts to nothing. It was clearly the duty of defendant to specify the " items of credit" alleged to be omitted. Not having done so, her averment goes for nothing.

The general averment that the estate of Thomas Bakes is still indebted for medical attendance, funeral expenses, boarding, etc., furnished by defendant " out of humanity's sake," and that the balance of said rents in her hands is not sufficient to pay the same, is irrelevant as a defence to this action for rents belonging to the heirs and collected by defendant without their authority. Any one, whether administrator or creditor, who collects rents of the real estate of an intestate holds them as trustee for the heirs and not for creditors of the former owner : McCoy v. Scott, 2 Rawle 222. Lands of an intestate descend to his heirs, and not to his personal representatives, and hence the former, as owners, are entitled to subsequently accruing rents : Haslage v. Krugh, 25 Pa. 97. Such heirs are not accountable either to the administrator or to the creditors of their ancestor for rents accruing after the decease of the latter : Adams v. Adams, 6 Watts 160. It follows that the rents collected by defendant were received by her to the use of the plaintiffs, and she has no right to retain the amount to meet any claim she may have against the estate of their father. If any such claim exists, it must be enforced in the regular and orderly way. The court was clearly right in holding that defendant's answer and affidavit of defence were insufficient.

Judgment affirmed.