## Moore *v.* Susquehanna Mutual Fire Insurance Company.

*Practice—Affidavit of defense—Averments—Inferences.*

An affidavit of defense should contain a clear, orderly and specific statement of the facts relied on by the defendant to prevent judgment; merely general averments, or those which raise mixed questions of law and fact, are insufficient. Inferences or conclusions of law are for the court, and if it is desired that they should be drawn in favor of the defendant, the court should be put in possession of the facts from which they are to be drawn.

*Insurance—Fire insurance—Proof of loss—Affidavit of defense.*

In an action upon a policy of fire insurance, the question whether the proofs of loss furnished were proper and sufficient is for the court, and if the defendant desires to raise any questions as to them in its affidavit of defense, it must state specifically wherein they were defective, or annex copies to the affidavit of defense so that they may be examined by the court.

*Insurance—Fire insurance—Excessive insurance—By-law—Fraud.*

A by-law of a fire insurance company in relation to excessive insurance is a regulation of the company for the management of its business, and the mere fact that property was insured for more than two thirds of its value does not affect the validity of the policy, unless the over insurance was procured by means of some wrongful act on the part of the insured.

*Insurance—Fire insurance—Affidavit of defense—Ownership of property.*

In an action on a fire policy where it appears that a provision of the contract is that the entire policy should be void " if the interest of the insured be other than unconditional and sole ownership, or the subject of the insurance be a building on ground not owned by the insured in fee simple," an affidavit of defense is sufficient which avers that at the time the policy issued, the house and barn insured were not unconditionally and solely owned by the insured, and that they were not on the ground owned by him in fee simple.

It would have been better practice to have stated the facts as to the ownership of the building and land, upon which the defendant relied, with at least sufficient fullness and particularity to have made it clear that this part of the defense was not based on legal conclusions, and on this ground a supplemental affidavit might have been allowed by the court. But there were distinct averments of fact which, if established by proof, would defeat a recovery on the policy, and the defendant was not bound to set out his evidence or apprise the plaintiff of his means of proof. Per FELL, J.

Argued March 5, 1900. Appeal, No. 129, Jan. T., 1899, by defendant, from order of C. P. Monroe Co., Sept. T., 1897, No. 42, making absolute a rule for judgment for want of a sufficient affidavit of defense in case of James C. Moore v. The Susquehanna Mutual Fire Insurance Company. Before GREEN, C. J., McCOLLUM, MITCHELL, DEAN, FELL and MESTREZAT, JJ. Reversed.

Assumpsit upon a policy of fire insurance.

The defendant filed the following affidavit of defense:

1. The plaintiff's statement does not set forth that any actual damage was sustained by the said plaintiff, nor does it set forth in dollars and cents the actual damage, if any, sustained by him.

2. The said plaintiff did not furnish to the said defendant proper and sufficient proofs of loss as required by the policy of insurance, in which said property claimed to have been damaged or lost by fire, was insured. The said proofs of loss not having actually been served upon the said defendant until May 12, 1897, and the said fire having occurred on December 14, 1896, and the said defendant not having waived in any manner whatsoever the furnishing of said proofs of loss either verbally or in writing.

3. The aggregate amount of insurance of the property insured by said defendant company, for the damage or loss of which this cause of action was brought, was more than two-thirds of the actual value of the property, the said insurance amounting in the aggregate to $2,200, and the property insured and destroyed by fire not being worth even that amount, and such excessive insurance being in violation of section 19 of the by-laws of the said company, attached to defendant's policy, the policy was void, as provided in section 41 of the by-laws of

said· defendant company, a copy of which section was attached to said plaintiff's policy, and said plaintiff therefore has no cause of action.

4. At the time the said policy of insurance, upon which plaintiff claims was issued, the house and barn mentioned in said policy of insurance, and for the loss or damage to which by fire, plaintiff has brought this cause of action, were not unconditionally and solely owned by him, and the said house and barn were on ground not owned by the said plaintiff in fee' simple, and therefore said policy of insurance so issued to him, as aforesaid, was void, and plaintiff has no cause of action.

The court made absolute a rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*Charles B. Staples*, with him *S. J. M. McCarrell, W. U. Hensel* and *Wilton A. Erdman*, for appellant.—Where an affidavit of defense is, in denial, as broad as the material averments of the declaration, it is sufficient to prevent judgment. Deacon v. Smaltz, 10 Pa. Superior Ct. 151.

*Henry J. Kotz*, with him *A. R. Brittain* for appellee.—An over estimate of the value of the property by the agent will not avoid the policy unless the insured has taken some fraudulent part in it. Cumberland Valley Mut. Protection Co. v. Schell, 29 Pa. 31; Bakes v. Reese, 150 Pa. 44; Odd Fellows Savings Bank v. Miller, 179 Pa. 412; Killen v. Brown, 6 Pa. Superior Ct. 15.

OPINION BY MR. JUSTICE FELL, May 14, 1900:

An affidavit of defense should contain a clear, orderly and specific statement of the facts relied on by the defendant to prevent judgment; merely general averments, or those which raise mixed questions of law and fact, are insufficient. Inferences or conclusions of law are for the court, and if it is desired that they should be drawn in favor of the defendant the court should be put in possession of the facts from which they are to be drawn. The rule upon the subject is stated in Mitchell on Motions and Rules, p. 66, as follows: "The affidavit must.

be a specific statement of facts.   The words of the act of 1835
are that it must set forth 'the nature and character' of the de-
fense.   Under this it has been held that affidavits merely argu-
mentative, or containing only inferences or conclusions of law,
are bad.   So if the averments are merely general, especially
where they use words which raise mixed questions of law and
fact, such as payment, warranty, surrender, etc., and allegations
of fraud.   In all these cases it is necessary to set out the facts,
as e. g. when, how, and to whom the payment, surrender, etc.,
was made, the specific acts or representations which are alleged
to constitute fraud," etc.

Measured by this rule the affidavit of defense in this case is
far from satisfactory.   Whether the proofs of loss furnished
were proper and sufficient was for the court, and if the defend-
ant desired to raise any questions as to them it should have
stated specifically wherein they were defective, or have annexed
copies to the affidavit so that they might be examined by the
court.   The averment as to the time of service leaves it uncer-
tain whether reference is made to the proofs said to be insuffi-
cient, or to others served at a later date whose sufficiency is
not challenged.   All of the averments on the subject of the
proofs of loss are defective in stating conclusions of law instead
of facts, or in stating facts in an equivocal if not an evasive
manner.

The by-law in relation to excessive insurance was a regula-
tion of the company for the management of its business, and
the mere fact that property was insured for more than two
thirds of its value did not affect the validity of the policy un-
less the overinsurance was procured by means of some wrong-
ful act on the part of the plaintiff.

The averments in the fourth paragraph of the affidavit of
defense were, however, sufficient to prevent judgment.   It was
a part of the contract of insurance that the entire policy should
be void "if the interest of the insured be other than uncondi--
tional and sole ownership; or if the subject of the insurance
be a building on ground not owned by the insured in fee sim-
ple."   The averments are that at the time the policy issued the
house and barn insured were not unconditionally and solely
owned by the insured, and that they were not on ground owned
by him in fee simple.   It would have been better practice to

have stated the facts as to the ownership of the buildings and land upon which the defendant relied with at least sufficient fullness and particularity to have made it clear that this part of the defense was not based on legal conclusions, and on this ground a supplemental affidavit might have been allowed by the court. But these were distinct averments of fact, which if established by proof would defeat a recovery on the policy, and the defendant was not bound to set out his evidence or apprise the plaintiff of his means of proof. In Bakes v. Reese, 150 Pa. 44, relied on by the plaintiff, the action was by the heirs to recover rent of real estate of which their father died seized, and the defendant averred that the plaintiffs were not all the heirs. This averment was held to be in effect a plea in abatement, and defective in not giving the plaintiffs a better writ. The defense was as to the parties plaintiff. Here the defense was not in the nature of a plea in abatement. It was in bar of the action.

The judgment is reversed with a procedendo.