# Du Bois *v.* Sturch, Appellant.

*Landlord and tenant—Payment of taxes—Set-off—Mortgage—Affidavit of defense.*

In an action by a purchaser at a sheriff's sale of leased premises, against a tenant in possession to recover the amount the defendant was obligated to pay under the lease for use and occupation from the date of the acknowledgment and delivery of the sheriff's deed to the date when the plaintiff conveyed the premises to another, an affidavit of defense is insufficient which avers as a set-off the payment of taxes by

the defendant, but does not in express terms aver that they were paid at the special instance and request of the plaintiff and does not set forth such facts as to show that the payment of the taxes inured to the benefit of the plaintiff.

Argued Dec. 18, 1908. Appeal, No. 43, Oct. T., 1908, by defendant, from order of C. P. No. 1, Phila. Co., Dec. T., 1907, No. 4,892, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Henry M. Du Bois, Executor of the Last Will and Testament of Eliza L. B. Wagner, deceased, v. Harry H. Sturch. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Rule for judgment for want of a sufficient affidavit of defense.

The opinion of the Superior Court states the case.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*O. W. Payran,* for appellant.

*Thomas A. Gummey,* for appellee.

OPINION BY RICE, P. J., May 10, 1909:

Eliza L. B. Wagner, the plaintiff's testatrix, was the holder by assignment of a mortgage, which was a first lien on the mortgaged premises and antedated the lease under which the defendant in this case held as tenant of the mortgagor. Upon judgment which she obtained by scire facias upon the mortgage an alias writ of levari facias issued under which the premises were sold by the sheriff and bought by the plaintiff, but it does not appear in the pleadings that he ever had any other interest in or title to the premises than as executor. He subsequently duly notified the defendant to surrender possession, and upon his failure to do so brought this action for the amount the defendant was obligated to pay under his lease, for use and occupation from the date of the acknowledgment and delivery

of the sheriff's deed to the date when the plaintiff conveyed the premises to another. No question is raised as to the form of action, and it is enough to say without incumbering this opinion with a prolix recital of all the averments of the affidavit of defense, that in our judgment it sets forth no valid defense to the plaintiff's claim unless it be by way of set-off.

The claim of set-off is based on the allegations, that upon a date subsequent to the issuing of the first levari facias and prior to the sale under the alias writ the defendant "with the knowledge, consent and at the special instance and request of said plaintiff, Henry M. Du Bois, who was the attorney of record of said Eliza L. B. Wagner, in the suit founded on the said writ of scire facias sur mortgage, paid the taxes on said premises for the year 1906, amounting to ninety-four and fifty-nine hundredths dollars ($94.59);" and that this payment inured to the benefit of the plaintiff. There is much more in the affidavit of defense than this, but the foregoing is a condensed statement of the material averments relating to the set-off. Whether this alleged payment was made before or after the death of the mortgagee does not distinctly appear, but the more plausible inference from the uncertain averment of the affidavit of defense is, that it was made, or at least that the alleged request therefor was made, when H. M. Du Bois was acting as attorney for the mortgagee in the foreclosure proceedings. In this view of the above-quoted extract from the affidavit of defense, it is not equivalent, standing alone, to an averment that the defendant paid the taxes at the special instance and request of the mortgagee. Nor is it helped out by the subsequent averment "that the payment inured to the benefit of the plaintiff," it not being expressly stated, nor certainly inferable from the other facts alleged, in what way it inured to the benefit of the mortgagee to have the tenant pay the taxes due from his landlord, the mortgagor. The fact that at that time he had a counterclaim against his landlord which more than equaled the rent then due, even if it be conceded that the affidavit shows such counterclaim enforcible against the latter, does not affect the question. Nowhere is it alleged that the defendant had actually paid in advance the rent for

the period covered by the plaintiff's claim. "An affidavit of defense should contain a clear, orderly and specific statement of the facts relied on by the defendant to prevent judgment; merely general averments or those which raise mixed questions of law and fact, are insufficient. Inferences or conclusions of law are for the court, and if it is desired that they should be drawn in favor of the defendant the court should be put in possession of the facts from which they are to be drawn:" Moore v. Susquehanna Mutual Fire Ins. Co., 196 Pa. 30. This well settled principle is applicable here. No certain inference or conclusion of law can be drawn from the facts alleged that the mortgagee incurred an obligation to repay the defendant the sum he paid to discharge his landlord's primary obligation.

Judgment affirmed.