# Reel's Estate.

*Decedents' estates—Debts—Assets—Rents of real estate—Section
14, Fiduciaries Act, June 7, 1917, P. L. 447.*

1. Section 14 of the Fiduciaries Act of June 7, 1917, P. L. 447,
declaring rents of real estate accruing after the death of the owner,

assets for the payment of debts of the decedent when the personal estate is insufficient, being designed to correct the injustice to creditors or deceased owners of real estate which existed before its passage, should be given a liberal construction to give effect to that purpose.

2. Under the Fiduciaries Act making rents of real estate assets for the payment of debts of a decedent, the personal representative has authority not only to collect rents accruing under leases made by the decedent but also to collect rents from real estate which was not under lease at the time of the decedent's death.

Argued Oct. 17, 1918. Appeal, No. 78, Oct. T., 1918, by Grand Lodge of Pennsylvania of Free and Accepted Ancient York Masons, from the decree of the O. C. of Allegheny Co., June T., 1917, No. 548, in the matter of the Estate of Almatia L. Reel, deceased. Before BROWN, C. J., FRAZER, WALLING, SIMPSON and FOX, JJ. Affirmed.

Petition of residuary devisee for vacation of order authorizing executors to collect rents and for order enjoining the executors from taking possession of certain real estate. Before MILLER, J.

The facts appear in the opinion of the Supreme Court.

*Error assigned* was the order of the court dismissing the petition.

*George H. Quaill*, for appellant.—A statute giving a new remedy in derogation of the common law should be strictly construed: Smith v. Altoona & Philipsburg, Etc., R. R., 182 Pa. 139; Whalen v. Gabell, 120 Pa. 284.

*E. C. Chalfant*, of *Stone, Wright & Chalfant*, for appellee.

OPINION BY MR. CHIEF JUSTICE BROWN, January 4, 1919:

The fourteenth section of the Fiduciaries Act of June 7, 1917, P. L. 447, provides: "Rents of real estate accru-

ing after the death of the owner of such real estate, who shall die on or after the day on which this act shall go into effect, shall be assets for the payment of debts of such decedent whenever the personal estate shall be insufficient therefor. Whenever the personal estate of such decedent shall appear to be probably insufficient for the payment of debts, the Orphans' Court having jurisdiction of the accounts of the executor or administrator shall, upon application of any creditor of the decedent, or upon application of the executor or administrator or of any other person interested, authorize and direct the executor or administrator to collect such rents for such period as the court shall fix. In such case the executor or administrator shall have power to collect such rents by action at law, distress, or otherwise, as the decedent in his lifetime might have done as to rents of such real estate; and rents so collected shall be accounted for by the executor or administrator in his account of the personal estate of the decedent." This is new and very wise legislation, for before its passage the rents accruing from the real estate of a decedent owner went to his heirs and devisees from the time of his death: Haslage v. Krugh, 25 Pa. 97; Fross's Appeal, 105 Pa. 258; and the heir or devisee of an insolvent decedent took such rents at the expense of the creditors of the estate. To remedy this long-existing injustice by making rents, as well as the land out of which they issue, assets for the payment of the debts of a decedent, the fourteenth section of the Act of 1917 was passed.

Almatia L. Reel died June 8, 1917—a day after the Fiduciaries Act went into effect. Her will, dated November 18, 1916, was duly admitted to probate and letters testamentary were issued to the Commonwealth Trust Company and William G. Newmyer, the executors named therein. After directing that a sum not exceeding $2,000 should be expended in the erection of a tombstone over her grave, making some bequests of personal jewelry and bequeathing $28,000 to various persons, the testatrix

made the following disposition of the balance of her estate: "All the rest and residue of my estate, including my dwelling house known as Reel Hall, and all furniture and fixtures therein contained, I give, devise and bequeath unto the Grand Lodge of Pennsylvania of Free and Accepted Ancient York Masons as a memorial to my deceased parents and to my deceased brother, Casper Reel, Jr., a former member of said Masonic Order, to be known as Reel Hall and to be used for such charitable, educational or Masonic purposes as may be deemed best from time to time by said Grand Lodge. It is my desire that the dwelling house known as Reel Hall be preserved by said trust as long as possible, and that thereafter another building to be known as Reel Hall shall be erected at or near its present site."

The personal property of the deceased, according to the inventory filed by her executors, amounted to but $767.25, and consisted largely of the furniture and fixtures in "Reel Hall." Her indebtedness amounted to over $12,000. In a petition presented by the executors to the court below the averments were that her personal estate was insufficient to pay her debts; that two pieces of her real estate were in the possession of tenants under leases executed by her; that "Reel Hall," which had been occupied by her was in the charge of her former housekeeper under the direction of the petitioners, and the prayer of the petition was for authority to them to collect all rents accruing after her death as assets for the payment of her debts under the Act of 1917. The order prayed for was made without notice to the legatees or the Grand Lodge of Pennsylvania of Free and Accepted Ancient York Masons, the residuary devisee. It subsequently presented its petition asking for a vacation of the order, but this was denied, on the ground that under the Act of 1917 the executors were authorized to collect all rents accruing from the real estate of their decedent, whether on leases executed by her or on tenancies created by them. From this the residuary

devisee has appealed, and submits for our determination the two following questions: "1. Whether Section 14 of the Fiduciaries Act of the Code of May 7, 1917, P. L. 447, authorizes the executor or administrator to take possession of the real estate of a decedent, and hold the same as against the heir at law in case of intestacy or against the devisee thereof in case of testacy and make and execute leases of the same under the direction of the orphans' court. 2. Whether said act authorizes the executors in this case to collect any other rents than those accruing after decedent's death under leases executed by her during her lifetime."

Rents which accrued after the death of Almatia L. Reel on leases executed by her undoubtedly became assets for the payment of her debts under the Act of 1917, and as this is conceded, the real and only question for determination is as to the authority of the executors to collect rents, as assets for the payment of her debts, from real estate which was not under lease at the time of her death. As has been observed, the manifest purpose of the Act of 1917 is the correction of a long-standing wrong to creditors of deceased owners of real estate, and, to give effect to that purpose, the act is to be given a liberal construction: Quinn v. Fidelity Beneficial Association, 100 Pa. 382; Poor District of Huntingdon Twp. v. Poor District of New Columbus Boro., 109 Pa. 579; Commonwealth v. Shaleen, 215 Pa. 595; Jones v. Beale, 217 Pa. 182. The cardinal rule in construing any statute is to ascertain the legislative intent, that effect may be given to it. No strained construction need be put upon the 14th Section of the Act of 1917 to discover the legislative intent in passing it. A reasonable reading of its words makes that intent most clear. It is that rents of real estate accruing after the death of the owner shall be assets for the payment of the debts of the decedent when the personal estate shall be insufficient therefor. Rents generally—not merely rents which may accrue after the death of decedent on leases

executed by him or her—are made assets for the payment of debts. And what are rents? They are certain profits—not necessarily money—issuing yearly out of land and tenements corporeal: 2 Blackstone 41. Applying this to the 14th Section of the Act of 1917, in which nothing is said about leases, what is an executor or administrator authorized to collect as assets for the payment of debts of his decedent under the direction of the court? Clearly whatever yearly profits can be realized from the real estate of his decedent, if the personal estate is insufficient for the payment of debts, whether such profits are from a lease made by the decedent or by his personal representative under the authority of the court. In other words, the legislative intent, as clear by implication as if expressed in words, is that neither heir nor devisee shall profit from the real estate of a decedent when it or the rents issuing from it are needed for the payment of debts. Under the strained construction we are asked to place upon the act its purpose would be defeated whenever there would be no existing lease of a decedent leaving personal property insufficient for the payment of debts. In refusing to so construe the act, the learned judge below, speaking for the court, aptly and properly said of its 14th Section: "If its language means only rents on leases made by a decedent in his lifetime, then an insolvent decedent could limit all leases made by him to his lifetime, permit his heir or devisee to take a large asset of his estate, to the complete detriment of his creditors, pending a sale of his land. If it was not intended to make rents proper assets for payment of debts, in absence of leases, then productive real estate can lie idle without benefit to creditors. If it was not intended that executors should take possession and secure rents pending sale, then the provision is a futile one." Nothing more need be added in disposing of this appeal.

Decree affirmed at the cost of the appellant.