## King's Estate.

*Executors and administrators—Letters of administration to son—Decedents' estates—Act of May 13, 1925, P. L. 598.*

The register of wills has no authority to refuse letters of administration on a father's estate to a son because the son had farmed for his father on shares where the son is otherwise competent and was not indebted to his father at the time of the latter's death.

Appeal from decision of register of wills. O. C. Lancaster Co.

*Charles E. Workman,* for appeal; *Harold G. Ripple,* contra.

SMITH, P. J., July 9, 1925.—The intestate left two sons, Robert A. King and Lindley King, each of whom petitioned the Register of Wills of Lancaster County for letters of administration on their father's estate, and to each letters were refused. From the decision denying letters to him Lindley has brought this appeal.

Clause *(c)* of section 1 of the Act of May 13, 1925, P. L. 598, provides: "Whenever letters of administration are by law necessary, the register having jurisdiction shall grant them in such form as the case shall require to the surviving spouse, if any, of the decedent, or to such of his or her relations or kindred as by law may be entitled to the residue of his or her personal estate, or to a share or shares therein. . . ."

There is no surviving spouse. The appellant is entitled to a share in the residue of the estate and is in the nearest degree of consanguinity with the decedent. The law prefers him, and the register exceeded his discretionary power in denying him the right to administer the estate unless he is incompetent, and there is no evidence of anything which reflects on his competency. The naked facts, as here, that a son had farmed for his father on the shares does not adversely affect competency. To predicate incompetency to a son because of such a relationship seems to be a perversion of the statute. To say that a son who, from his habits and experience, is exceptionally qualified to administer an estate shall be denied that privilege solely for the reason that he had farmed for the intestate would not be consistent with the purpose of the act, which does not contemplate the impeaching of the family's

supremacy. Otherwise, in rural districts, especially in this jurisdiction, the most substantial and competent members of families would be barred from administering estates, because of the prevalent custom by fathers of turning over the tenancy of their farms to their sons. Even assuming that the appellant is not highly equipped to meet the duties imposed on an administrator, of which there is no evidence, where lies the reason for expelling him? Admitting that he may owe a share of the crops to the intestate's estate, he will be obliged to account for that, the same as for any other asset of the estate. It appears that the appellant had settled with his father in his lifetime and owed him nothing at the time of his death. As to the increments which have accrued since the father's death, or which may accrue, the administrator has nothing to do: Cobel v. Cobel, 8 Pa. 342; Merkel's Estate, 131 Pa. 584; Morrison's Estate, 196 Pa. 80; Herron v. Stevenson, 259 Pa. 354; Bakes v. Reese, 150 Pa. 44; McCoy v. Scott, 2 Rawle, 222.

The appeal is sustained and the Register of Wills is directed to issue letters of administration on the estate of Alvin King to Lindley King.

From George Ross Eshleman, Lancaster Pa.