Opinion by
 

 Hirt, J.,
 

 James R. Graham died testate on December 8, 1938 seized of .real estate, then yielding an annual rental income of about $650. On May 2, 1941 appellant filed her petition in the orphans’ court alleging that decedent at his death was indebted to her for board, lodging and for nursing service in the sum of $1,704.50, praying for ah order on the executor under §14 of the Fiduciaries Act of June 7, 1917, P. L. 447, 20 PS 503, directing him to collect the rents and, as personalty, to apply them to. the payment of creditors. About, one year before his death decedent had been adjudged mentally incompetent and a guardian was appointed in the common pleas. The .final account of the guardian was filed after his death and, on confirmation on October 30, 1939, the guardian was discharged. Appellant had no notice of the filing of the .guardian’s account nor ,of his discharge and at no time asserted her claim in the court of
 
 *59
 
 common pleas against tlie estate in the hands of the guardian.
 

 A timely application under §14 would not have been denied. Following decedent’s death; the orphans’ court had jurisdiction and the executor of the estate was the person to whom the claim should have been presented and not the guardian appointed by the court of common pleas. That the orphans’ court then had exclusive jurisdiction is ruled by
 
 Frew’s Estate,
 
 340 Pa. 89, 16 A. 2d 26. There, the claim of the Commonwealth for maintenance was presented in the common pleas ,on the audit of the account of the guardian of a feeble minded person after .the death of his ward, v The opinion in that case adopts the principle: “ ‘It is an elementary rule of law that when an imbecile dies, in fact, his guardian dies, in law; his legal power is at an end. His sole duty then is to render an account of his stewardship up to the date of his ward’s death, giving the full amount of all debits and credits touching his admitífliration, and of all unpaid claims and unfinished business ....... The guardian is the personal representative of the ward while the ward lives; .upon the ward’s death the administrator or executor becomes his personal representative as to any and all things pertaining to debtors and creditors of the estate, whether such debt or credit arose out of transactions with the ward himself or his personal representative in his lifetime, the guardian’:
 
 Simpson v. Holmes,
 
 106 Ohio St. 437, 439.” Accordingly it was held that the claim should have been presented to the administrator of the estate under the jurisdiction of the orphans’ court and not to the guardian, whose only duty was to account to the administrator of the estate of his former ward. What we said in
 
 Estate of Margaret G. Timmins, Dec’d,
 
 112 Pa. Superior Ct. 430, 171 A. 281, therefore, must be read in the light of the Frew case and is not controlling. A guardian of a feeble minded person does not have power to distribute
 
 *60
 
 the estate, after death of his ward, among heirs, legatees or creditors.
 
 Rambo’s Appeal,
 
 123 Pa. Superior Ct. 565, 187 A. 303. The powers of a guardian end with the life of the incompetent.
 
 Gerlach’s Estate,
 
 127 Pa. Superior Ct. 293, 193 A. 467.
 

 Though decedent’s personal estate was insufficient for the payment of his debts, appellant did not bring an action against the executor of the estate, as she might have done within one year from the date of death, under §15 of the Fiduciaries Act, 20 PS 521, and thus, if prosecuted to judgment, extend her lien on decedent’s real estate. She did not look to the real estate for payment of her claim until more than two years after the death and then under §14 for an order on the executor to collect the rents for her benefit.
 

 Before the passage of the Fiduciaries Act, rents accruing from real estate of a decedent passed to his heirs or devisees from the time of his death
 
 (Haslage v. Krugh,
 
 25 Pa. 97;
 
 Appeals of Fross & Loomis,
 
 105 Pa. 258) even at the expense of creditors of the estate.
 
 Beel’s Estate,
 
 263 Pa. 248, 106 A. 227. To correct this inequality, and at the same time to obviate the necessity for á sale of the real estate, in many cases at a sacrifice, the Commission added §14 as a new section and revised the existing law in §15. The reasons, above stated, for the addition of §14 appearing in the note following that section in the Commission’s report, are declarative of the legislative intent in incorporating the section in the act.
 
 Morgan’s Estate,
 
 340 Pa. 465, 17 A. 2d 454. To give effect to its purpose, the act must be liberally, construed. Ree
 
 l’s Estate,
 
 supra.
 

 It is therefore apparent that the approach to the solution of the problem in sections 14 and 15 was made in the light of its practical aspects. The omission of a specified time limit in §14 is not evidence of an intention that a creditor may come in at any time but rather that he must act promptly after administration of the
 
 *61
 
 estate begins. Any other construction would work an unnecessary hardship on the heir or devisee, a result to be avoided under the purpose declared by the Commission. They who inherit real estate should not be unduly harassed by the prospect of an application of a creditor on a claim not in judgment except within definite limits and it was the intention of the act that they should not be.
 

 Sections 14 and 15 must be read together. The debt of a decedent not reduced to judgment remains a lien on his real estate for one year under §15, and the orphans’ court has jurisdiction over the real estate only during that period. The real estate in question, therefore, was a part of decedent’s estate answerable for his debts, for one year only after his death. .Without action by appellant during that period under §14, to compel the application of the rents to satisfaction of her claim, the jurisdiction of the orphans’ court over the real estate of decedent ended and, with it, her right to look to the land. cf.
 
 Conner’s Estate,
 
 302 Pa. 534, 153 A. 730. “Rents are not assets for payment of debts unless they are brought into administration under section 14 of the Fiduciaries Act, and, moreover, the lien of debts is lost in any event by the expiration of time”:
 
 Olanoff’s Estate,
 
 21 D. & C. 652, ( Gest, J.). Appellant’s petition, therefore, came too late.
 

 In
 
 Reel’s Estate,
 
 supra, relied upon by appellant, the petition was filed within one year after decedent’s death although that fact was not referred to in the opinion.
 
 Shareff’s Estate,
 
 143 Pa. Superior Ct. 465, 17 A. 2d 623, has no application.
 

 The decree dismissing the petition for a citation is affirmed.