## Graham Estate.

Argued January 20, 1943. Before MAXEY, C. J.; DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*B. D. Oliensis,* with him *Herman Toll,* for appellant.

*I. Nathaniel Treblow,* with him *J. Leon Rabben* and *Albert G. F. Curran,* for appellees.

OPINION BY MR. JUSTICE HORACE STERN, March 22, 1943:

The question is this: If a creditor has lost his lien on the real estate of a decedent by failing to bring and index an action within one year after the decease of the debtor, as prescribed in section 15(a) of the Fiduciaries Act of 1917, P. L. 447, can he, after the expiration of that period, obtain from the orphans' court an order for collection of the rents for the purpose of paying the decedent's debts as provided in section 14 of that Act?

We answer this question in the negative, as did the Orphans' Court of Philadelphia County (41 D. & C. 276) and the Superior Court (147 Pa. Superior Ct. 57, 23 A.2d 235).

While it is true that section 14 does not prescribe any time limit for the filing of an application for collection of the rents it must be read in connection with section 15(a); these sections together constitute a complete method whereby creditors may obtain satisfaction of their claims from the decedent's land if the personal estate is insufficient. The land itself, when brought into administration either by the provisions of the will or

by proper legal procedure, has always been, in Pennsylvania, an asset for the payment of the decedent's debts, but section 14, in making the rents an additional asset for that purpose, was an innovation in the law. According to the report of the commissioners who framed the Fiduciaries Act—which report may properly be considered in construing this section (*Tarlo's Estate,* 315 Pa. 321, 324-326, 172 A. 139, 140, 141—it would seem that the object was to give creditors the right to appropriate the interim rents pending the sale of the land, and it was stated that such application of the rents "during the period of administration" might in some cases obviate the necessity for a sale.

If the creditor fails to preserve his lien in compliance with section 15(a) of the statute his right to proceed against the decedent's real estate ceases to exist at the expiration of the one-year period: *Higgins's Estate,* 325 Pa. 106, 111, 188 A. 831, 833. Practical considerations demand that if, in that case, he also fails to take action under section 14, the rents likewise should be free from all future claims on his part; otherwise the title to the land acquired by the heir or devisee might be under a cloud for an indefinite and practically unlimited period of time and its marketability correspondingly impaired.[1]

We are not to be understood as holding that if application for collection of the rents is made within the year the decree of the court based thereon cannot order a collection extending beyond the one-year period even though the lien on the land is not maintained, for, just as the bringing and indexing of an action under section 15(a) continues the lien after the year, so an order of the court under section 14, if made on an application filed within the year, may provide for a collection of the rents that will continue beyond that period even though no proceedings be taken under section 15(a). Section 14 expressly provides that the court may author-

---

[1] In the present case the creditor's petition for the collection of rents was filed two years and four months after the death of decedent.

ize and direct the collection of the rents "for such period as the court shall fix." [2]

Decree affirmed at appellant's costs.

---

[2] In *Reel's Estate*, 263 Pa. 248, 106 A. 227; 272 Pa. 139, 116 A. 109, it appears from the paper books that the application for the collection of rents was made within one year after the decedent's death, but the rents were collected, by authorization of the court, for a period of almost three years, notwithstanding the fact that the lien on the real estate had not been preserved under section 15(a).