## Skriziszouski Estate

*Charles W. Kalp*, Assistant United States Attorney, and *Arthur A. Maguire*, United States Attorney, for the United States.

*Francis J. Gafford*, Deputy Attorney General, *Robert M. Mountenay*, Deputy Attorney General, *Robert E. Woodside*, Attorney General, for the Commonwealth, exceptant.

*Ralph B. Umsted*, Deputy Attorney General, for administrator.

*Mark T. Milnor*, for guardian.

*H. J. Sieber*, for Veterans Administration.

*R. Dixon Herman*, auditor.

KREIDER, J., August 27, 1952.—This case comes before us on exceptions filed by the Commonwealth of Pennsylvania to the auditor's report ordering the fund in question to be paid to the United States of America. The Commonwealth in its brief bases its exceptions on two grounds. First, that the court of common pleas does not have jurisdiction to distribute the assets of the estate of a deceased incompetent to any person other than his executor or administrator. Second, where a veteran, having acquired substantially his entire estate from Federal veterans' benefits, dies in a veterans' hospital, intestate and without heirs other than the Commonwealth, the Commonwealth is not precluded by the Act of December 26, 1941, 55 Stat. at L. 868, 38 U. S. C. §17 et seq., from receiving the estate as last heir, pursuant to section 3(6) of the Intestate Act of Pennsylvania of April 24, 1947, P. L. 80, 20 PS §1.3(6).

The Commonwealth of Pennsylvania did not question the jurisdiction of the auditor, either at the hearing or by its exceptions, to hear claims against the

estate. At the auditor's hearing each claimant devoted its entire time in argument in support of its claim to the fund. The auditor's able report, therefore, does not consider the question of the jurisdiction of the court of common pleas to give effect to the auditors' award of the fund in question to the United States Government. The jurisdictional question was first raised by the Commonwealth of Pennsylvania at argument before this court. We are bound, however, to consider the problem thus raised.

"Want of jurisdiction over the subject-matter of a controversy may be taken advantage of at any stage of the proceedings. . . ." Crisswell's Estate, 334 Pa. 266, 271, 272 (1939).

Robert Skriziszouski, hereinfter called "decedent", enlisted in the United States Army on September 20, 1917, at Brownsville, Pa., and was honorably discharged therefrom on February 18, 1918. He was committed to the Pennsylvania State Lunatic Hospital, Harrisburg, Pa., on February 18, 1918, by the Commanding General of the U. S. A. General Hospital No. 6 at McPherson, Ga.

The Commonwealth Trust Company of Harrisburg, Pa., was appointed guardian of the property of Robert Skriziszouski by this court on August 2, 1920. Subsequently on July 22, 1935, the Capital Bank and Trust Company, Harrisburg, Pa., was appointed substituted guardian of decedent's estate and was so acting at the time of his death.

Decedent had no property at the time of appointment of the original guardian except $80 per month Government compensation beginning February 18, 1918. He was confined in mental institutions from February 18, 1918, until his death on May 13, 1950. He died in the Veterans Administration Hospital at Coatesville, Pa., where he had been admitted as a veteran, and at the

time of his death was being furnished care and treatment by the Veterans Administration.

The first and final account of the substituted guardian, which was confirmed absolutely by the Court of Common Pleas of Dauphin County, Pa., on September 18, 1950, indicates a cash balance of $21,905 in decedent's estate, consisting entirely, with the exception of $50 bonus from the Commonwealth of Pennsylvania, of money received from the Federal Government through the Veterans Administration and interest earned thereon.

The Capital Bank and Trust Company was issued letters of administration on decedent's estate on October 26, 1950, the Commonwealth of Pennsylvania having renounced its right in its favor.

On motion of the Capital Bank and Trust Company as guardian of the estate of Robert Skriziszouski, deceased, this court appointed an auditor on November 15, 1950, to hear claims against the estate and to make distribution of the fund.

The United States admits in its brief that "it is unquestionably true that under the law of Pennsylvania, after the death of an incompetent the general rule is that the orphans' court has jurisdiction to determine the validity of claims against his estate. It is not denied that the cases set out in support of this contention by the Commonwealth so hold."

The United States contends, however, that a veteran has no vested right or interest in a pension or compensation money, as these payments are bounties received from Congress, and that, therefore, the money in question in effect never actually became part of the estate of the deceased veteran, the sum having passed to the Federal Government upon his death. In support of this contention the Government attached to its brief copy of the apparently unreported case entitled: In the Matter of the Estate of Alexander Zakowski, de-

ceased, In the Circuit Court for the County of Wayne, State of Michigan, no. 256,868, Murphy, J. (November 1, 1950).

The Government concludes its argument by saying:

"Thus it would appear that there is no necessity for submitting the questions involved here to the orphans' court for determination as there is no estate which passes to the personal representative for administration."

In the Zakowski case, supra, the Michigan court stated:

"Section 17 F (of Title 38 U. S. C. A.) allows the *Probate Court to determine the question of heirs and distribute the estate. . . .*" (Italics supplied.)

Indeed it seems that the very statute upon which the Federal Government bases its claim contemplates that the estates of deceased veterans shall pass through administration.

" . . . Provided, however, That there shall be paid out of the assets of the decedent so far as may be the valid claims of creditors against his estate that would be legally payable therefrom in the absence of this sub-chapter and without the benefit of any exemption statute, and which may be presented to the Veterans Administration within one year from the date of death, or within the time, to the person, and in the manner required or permitted by the law of the State *wherein administration,* if any, is had upon the estate of the deceased veteran; and also the proper expenses and costs of administration, if any . . .": 38 U. S. C. §17(c). (Italics supplied.)

" . . . If there be administration upon the decedent's estate. . . . In the absence of administration, any money, . . . " 38 U. S. C. A. §17(d).

" . . . In the event of doubt *as to entitlement the Administrator of Veterans' Affairs* may cause administration or other appropriate proceedings to be in-

stituted in any court having jurisdiction. . . .": 38 U. S. C. §17(*f*). (Italics supplied.)

It is our opinion that the instant case is controlled by the decision of the Supreme Court of Pennsylvania in Frew's Estate, 340 Pa. 89, 91, 92 (1940). In that case William Frew was confined to a hospital for indigent mental patients. The Potter Title and Trust Company was appointed guardian of his estate. After Frew's death, at the confirmation of the first and final account of his guardian in the court of common pleas, the Commonwealth of Pennsylvania presented a claim for the money it had contributed for the deceased's maintenance. The Supreme Court held that the claim of the Commmonwealth should have been presented, "not to the guardian, but rather to the administrator of the estate under the jurisdiction of the Orphans' Court."

Frew's Estate, supra, was followed in Grahams' Estate, 147 Pa. Superior Ct. 57 (1941) and Funk's Estate, 56 D. & C. 655, 661 (1946). Our Supreme Court has ruled that the jurisdiction of the orphans' court over the settlement and distribution of decedents' estates is exclusive and necessarily includes the power to determine all questions essential thereto. See Criswell's Estate, 334 Pa. 266, 269 (1939), wherein Mr. Justice Stern, speaking for the court, stated:

*"If the property was in decedent's possession, either actually or presumptively, at the time of his death . . . the jurisdiction of the Orphans' Court attaches, at least preliminarily."* (Italics supplied.)

The Act of June 7, 1917, P. L. 363, sec. 9(*e*), 20 PS §2245, which was in effect when the controversy here involved arose, provides:

"The jurisdiction of the several orphans' courts, whether separate or otherwise, shall extend to and embrace: The distribution of the assets and surplusage of the estates of decedents among creditors *and others interested.*" (Italics supplied.)

We are of the opinion that the claim of the Government of the United States is within the phrase "and others interested". In view of the foregoing authorities, the fact that letters of administration have been issued, and that the controversy here in question involves an interpretation of section 3(6) of the Pennsylvania Intestate Act of 1947, 20 PS §1.3(6), we are constrained to hold that the Commonwealth's position as to the jurisdiction of the court of common pleas to give effect to the auditor's award is well taken.

Since the auditor was appointed by this court and all parties of record appeared at and participated in the hearing before him and raised no question or objection to his jurisdiction to take testimony, determine whether decedent left any heirs and, if not, to which of the claimants the fund should be awarded, we feel that the costs incurred in the audit, including the auditor's compensation for his services, should attach and be allowed as a part of the costs in the orphans' court proceeding.

### Order

And now, August 27, 1952, the award of the auditor of the fund in question to the Government of the United States of America is vacated and the entire record is transferred to the Orphans' Court of Dauphin County, Pa., for disposition.