## Malinowski Estate

*Frank McGuigan* and *Reynold J. Kosek*, for accountant.

*Mitchell Jenkins*, for exceptant.

696

FLANNERY, J., Specially Presiding, April 2, 1958.—
This matter comes before the court on exceptions to an
account filed by the executrix in the estate of Susan
Malinowski, decedent . . .

### Exception No. 3

Exceptant contends that it was improper for accountant to fail to include among the assets of the estate rentals for an apartment at 91 Plymouth Avenue, Wilkes-Barre, occupied by accountant since decedent's death.

The real estate in question is a duplex apartment house. Decedent devised the property to accountant who was residing there with decedent at her death and who has continued in occupancy since that time. Although no accounting is made for rent for the apartment occupied by accountant, the account does include rentals collected for the other apartment at 91 Plymouth Avenue and for a home located at 39 South Fulton Street, Wilkes-Barre, Pennsylvania which was devised to exceptant, Florence Witkowski.

The Fiduciaries Act of April 18, 1949, P. L. 512, art. V, sec. 501, 20 PS §320.501, provides:

"A personal representative shall have the right to and shall take possession of, maintain and administer all the real and personal estate of the decedent, except real estate occupied by an heir or devisee. He shall collect the rents and income from each asset in his possession until it is sold or distributed, and, during the administration of the estate, shall have the right to maintain any action with respect to it and shall make all reasonable expenditures necessary to preserve it. The court may direct the personal representative to take possession of, administer and maintain real estate occupied by an heir or a devisee if this is necessary to protect the rights of claimants or other parties. Nothing in this section shall affect the personal representa-

tive's power to sell real estate occupied by an heir or devisee."

The act contemplates that rents from real estate occupied by a devisee shall be collected by the personal representative as assets for the payment of debts only when the personal estate is insufficient therefor: Commission's Comment to Fiduciaries Act of April 18, 1949, P. L. 512, art. V, sec. 501, 20 PS §320.501; Reel's Estate, 263 Pa. 248.

The account before us indicates that the personal estate of decedent amounts to approximately $1,700 whereas decedent's debts amount to approximately $7,500.

It is clear, therefore, that the personal estate is insufficient to pay decedent's obligations. And, on the basis of the cited authorities, it appears that this alone requires the payment of rent by the devisee-accountant for the apartment in question.

Moreover, it appears that the real estate here may be made liable for the payment of debts as of the date of death and on this basis also the income from the real estate would accrue to the estate.

Thus the exception is sustained and accountant is charged with $720 owed by her to the estate for her occupancy of an apartment at 91 Plymouth Avenue, Wilkes-Barre, from June 29, 1955, to December 10, 1956 . . .

### Exception No. 6

. . . The record reveals that on October 22, 1954, decedent fractured her leg. This injury immobilized decedent and necessitated her having constant care and attention.

Decedent solicited the services of her daughter, Dorothy Malinowski, the accountant, and as established by the testimony of Mrs. Elizabeth Thieman, a close friend of decedent, it was agreed that in return for services rendered to decedent during her conva-

lescence, decedent would pay Dorothy Malinowski the same wages as she was then earning. Dorothy Malinowski thereupon took a leave of absence from her position with the Veterans Administration and devoted herself to the care of her mother. These services were rendered to the date of her death, a period of approximately eight months, with a consequent loss of wages of $2,288.

There was no denial here that the services were actually rendered by Dorothy Malinowski. And having found that a definite agreement existed as to compensation to be paid by decedent to her daughter, we must confirm this item in the account and dismiss the exception . . .