## Dorwart v. Leeds

*J. Edward Pawlick*, for plaintiff.
*Robert J. Brown*, for defendants.

ATKINS, P. J., February 14, 1966.—This matter is before the court on the complaint of plaintiffs and amended complaint, and answer to the amended complaint with new matter, and a counterclaim and answer to the new matter and counterclaim, testimony and requests for findings of facts and conclusions of law filed by both plaintiffs and defendants. It is a proceeding to secure the partition of certain real estate situate in York County, Pa., of which one Charles F. Reehling died seized a resident of Dauphin County, Pa., on May 2, 1896. . . .

## DISCUSSION

Defendant, Charles F. A. Leeds, contends plaintiffs are not entitled to partition because this real estate is part of an estate that is in active administration under the jurisdiction of the Orphans' Court of Dauphin County, even though in less than three months it will be 70 years since decedent died. It would seem that if this administration were to be deemed active throughout that time, it would be one of the longest administrations on record. We had occasion to deal with this question when the matter was before the court on preliminary objections to the amended complaint. At that time, we held that there was no equitable conversion of the real estate by the will, and we reiterate that conclusion.

We have now concluded that, on the basis of the pleadings and the testimony, defendants have failed to show any acts of administration that would make this land the subject of an active administration. In fact, the record shows a complete lack of any right or authority on the part of the administrator to deal with this land. In the will, the personal representative was authorized to deal with it only for the purpose of pro-

viding funds to pay any liens standing against it or to pay other debts of decedent, and this record shows that there are neither.

Defendants then argue that plaintiffs must prove ownership of an interest in the land in order to maintain this action. This, of course, is true. Plaintiffs have proved it. It was stipulated that in 1961, title to this land was vested in Charles F. A. Leeds, Joseph Guy Leidig and Luther J. Leidig. Plaintiffs then showed Joseph died and his interest passed by will to his widow, Margaret, who, in turn, conveyed it to plaintiffs. Plaintiffs then show that Luther, by his own deeds, conveyed his interest to them. The title thus became vested in Charles F. A. Leeds, he owning an undivided one-half interest, and plaintiffs each owning an undivided one-quarter interest.

Defendants argue that because Joseph was married previously to one Ruth Norman, apparently before his marriage to Margaret, that without proof of Ruth's death or other evidence of lawful termination of that marriage before his marriage to Margaret, Ruth has an interest in this land. This argument is based on the well-known principle of law discussed in Watts Estate, 409 Pa. 44, that where a marriage has been shown to exist, it is presumed to continue until termination of it is proven. That case also discusses the relative effect of that presumption and another equally well-known one, that a marriage in the absence of a showing to the contrary is presumed to be valid when it is entered into. However, so far as this record is concerned, we think that these presumptions have no application. The argument of defendants overlooks the fact of the will of Joseph Guy Leidig, wherein he devised all of his right, title and interest to this land to his widow, Margaret. This will was probated in 1960. No election has been filed to take against it by Ruth or anyone else claiming to be the lawful widow of Joseph. The title to this land

is governed by Pennsylvania law, and plaintiffs have shown a clear record title to it. See 2 Hunter O. C. Election by Spouse, 151 §21; Act of April 24, 1947, P. L. 89, secs. 11 and 12, as amended, 20 PS §§180.11 and 180.12.

Defendants also argue that since it appears that Luther Leidig also had a wife at one time, plaintiffs must prove that she was dead when he executed his deeds to plaintiffs, and failing that, they must join her as a party to the proceeding because she would have an interest in the land. In the first place, these deeds both recite that Luther was a single man when he executed them. In addition, there is no proof that Luther is now dead, and unless he now be dead, even if he had a wife in being, she would have no interest in the land except an inchoate one that would not mature unless she survived Luther, and she has no interest that she could now assert. As pointed out in Dunshee v. Dunshee, 234 Pa. 550, the court, before ordering a partition, is required to ascertain the interests and titles of the parties. This duty continues under present practice: Pennsylvania Rule of Civil Procedure 1557.

We must, therefore, in addition to determining who owns the fee, determine the interest of Charles R. A. Leeds, lessee under the lease given him by Charles F. A. Leeds as administrator d.b.n., c.t.a., of the estate of Charles F. Reehling, deceased. Prior to the Fiduciaries Act of June 7, 1917, P. L. 447, rents accruing from real estate of a decedent passed to his heirs at the time of his death. Here, the real estate was not given into the charge of the executors, nor converted into personalty. They had no power to act with respect to it, and if they did collect rents from it, these funds could not properly be included in their account. Therefore, it is clear that the administrator d.b.n.c.t.a. had no authority to enter into this lease. It is, therefore, void and created no interest in Charles R. A. Leeds. See

Haslage v. Krugh, 25 Pa. 97; Walker's Appeal, 116 Pa. 419; Bakes v. Reese, 150 Pa. 44; Reel's Estate, 263 Pa. 248; Graham's Estate, 147 Pa. Superior Ct. 57 . . .

We, therefore, enter the following

DECREE

And now, to wit, February 14, 1966, is is ordered, adjudged and decreed that the owners of the land herein described and their respective interests are as set forth: Charles F. A. Leeds, an undivided one-half interest; Percy N. Dorwart, an undivided one-quarter interest; Benjamin G. Hoffman, an undivided one-quarter interest.

It is further decreed that partition of said land be and is hereby directed. If no exception be filed hereto within 20 days after the date of this decree, it shall become final as of course. When this decree has become final, plaintiffs' counsel shall arrange with the court for the fixing of a time for the conference required by Pa. R. C. P. 1558.